IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BURNEY ARTHUR BARKER and ) | Case No. 02-62634 |
| DORIS JEAN BARKER, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| FRED CHARLES MOON, ) | Adversary No. 04-6077 |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK HOME MORTGAGE, et. al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

The Chapter 7 trustee filed this adversary proceeding to determine the validity, extent, and priority of a lien now held by U.S. Bank Home Mortgage (U.S. Bank). The parties have stipulated to the uncontroverted facts and agreed to submit the case on the pleadings. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that U.S. Bank's lien was not perfected on the date of the bankruptcy filing. I further find that the document attempting to revoke the release of the deed of trust was a preferential transfer, and that such document

is, thus, avoided.

## FACTUAL BACKGROUND

On July 1, 1997, debtors Arthur and Doris Barker executed a Note and Deed of Trust in the amount of $50,500.00 with Roosevelt Bank. The Note was secured by real property located at 3152 West State Street, Springfield, Missouri and legally described as:

> All of lot Six (6), Block Eight (8), HIGHLAND GARDENS SUBDIVISION, Springfield Greene County, Missouri, according to the recorded plat thereof (the Real Estate).

On July 14, 1997, Roosevelt Bank recorded the Deed of Trust with the Recorder of Deeds of Greene County, Missouri.

U.S. Bank is the successor by merger to Roosevelt Bank.[1] On June 3, 2002, U.S. Bank executed a "Release of Mortgage" (the Release) as to the Note secured by the Real Estate. On June 20, 2002, the Release was recorded in the Office of the Recorder of Deeds, Greene County, Missouri. On June 26, 2002, Fidelity Title Agency issued Title Commitment No. 2002060384, which listed no mortgage or Deed of Trust as to the Real Estate. On July 30, 2002, Lisa Rogers, the Outsourcing Manager for National Default Servicing Corporation, executed a document captioned "Affidavit Revoking Release of Deed of Trust" (the Affidavit). Neither debtor signed the Affidavit. On August 20, 2002, U.S. Bank recorded the Affidavit with the Recorder of Deeds of Greene County, Missouri. On July 31, 2002, the day after Ms. Rogers executed the Affidavit, U.S. Bank executed a Limited Power of Attorney

---

[1] U.S. Bank is the successor by merger to Firststar, Bank, N.A., which was the successor by merger to Mercantile Bank, N.A., which was the successor by merger to Roosevelt Bank.

appointing Lisa Rogers as an attorney-in-fact.

On November 12, 2002, the debtors filed a Chapter 13 bankruptcy petition. On April 13, 2004, this Court converted the case to Chapter 7. Fred Moon was appointed as the Chapter 7 trustee. On November 10, 2004, he filed this adversary proceeding. On January 25, 2005, the parties filed a Joint Stipulation of Admitted or Otherwise Uncontroverted Facts, and requested that this Court enter a judgment on the pleadings. On January 26, 2005, the trustee filed a motion for leave to amend the Complaint to conform to the stipulated facts. U.S. Bank filed an objection, which I overruled. The trustee makes two arguments in the Amended Complaint. He argues that the Affidavit was filed within 90 days of the bankruptcy filing, thus, the attempt to reinstate the Deed of Trust was a preferential transfer. Alternatively, the trustee argues that the Affidavit is not a legal document and has no legal force and effect. U.S. Bank, therefore, had no recorded Deed of Trust on file on the date of the bankruptcy petition. Since section 544 of the Bankruptcy Code (the Code) grants the trustee the status of a bona fide purchaser as of the date of the petition, the Deed of Trust is not valid as to the trustee. U.S. Bank argues that a valid release requires the intent of the parties, and since U.S. Bank never intended to release the Deed of Trust, it was not released. U.S. Bank further argues that the Affidavit served only as notice that the release was in error, therefore, there was nothing to transfer either preferentially or otherwise.

## DISCUSSION

I will deal first with the trustee's argument that sections 541 and 544 of the Code give him an interest that is superior to the interest of U.S. Bank. Section 541

3

creates an estate comprised of any property in which the Barkers held a legal or equitable interests on the date they filed for bankruptcy relief:

> (a) The commencement of a case . . . creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor ain property as of the commencement of the case.[2]

The trustee is the representative of this estate.[3] No one disputes that the Barkers held an interest in the Real Estate, therefore, the Real Estate is an asset of the bankruptcy estate. The issue is whether U.S. Bank, as the holder of a Note and Deed of Trust as to the Real Estate, has an interest superior to that of the trustee, the representative of the estate. The bankruptcy trustee has, as of the commencement of the case, the rights and powers of a bona fide purchaser:

> (A) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> . . .
>
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status

---

[2] 11 U.S.C. § 541(a)(1).

[3] 11 U.S.C. § 323(a).

>of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such purchase].[4]

Thus, any unrecorded interest as of the date of the bankruptcy filing is junior to the bona fide purchaser status of trustee. U.S. Bank argues, however, that its interest was recorded because the Release occurred in error, that it was not the intent of U.S. Bank to release the Deed of Trust, that the Barkers had not satisfied the Note, and that this Court should recognize the equitable existence of the Deed of Trust. Alternatively, U.S. Bank claims that its interest was recorded since it filed the Affidavit revoking the release of the recorded deed of trust prior to the bankruptcy filing. U.S. Bank further argues that the Affidavit provided constructive notice to the trustee of the existence of a prior lienholder, and, under state law, that notice prevents the trustee from being considered a bona fide purchaser.

U.S. Bank cites *DeWees v. Stoup*,[5] for the premise that "'the release of a mortgage is not conclusive as to its discharge, or as to payment of the indebtedness secured by the mortgage.'"[6] Rather, U.S. Bank claims the intent of the lienholder

---

[4] 11 U.S.C. § 544(a)(3). *See also, Mixon v. Anderson (In re Ozark Restaurant Equipment Co.)*, 816 F.2d 1222, 1229 (8th Cir. 1987), *cert. denied, Jacoway v. Anderson*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987) (stating that, with respect to real estate, section 544 confers upon the trustee the rights of a bona fide purchaser).

[5] 494 S.W.2d 372 (Mo. Ct. App. 1973).

[6] *Id.* at 373 (quoting *Seiberling v. Tipton*, 113 Mo. 373, 21 S.W. 4 (1893) and *Christy v. Scott*, 331 Mo. App. 31 (1888).

5

controls over its actions. In *DeWees* the bank first made a construction loan, then a permanent loan to Mr. DeWees, both secured by a deed of trust. The deed securing the construction loan was released simultaneously with the recording of the deed securing the permanent loan. The holder of a second deed of trust argued that the permanent loan was subordinated to its deed, since it was filed later in time. The court held that it was not the bank's intention to release the lien securing the construction loan, but rather to renew the loan secured by it.[7] Likewise, the other cases cited by U.S. Bank involve transactions where one deed of trust was released and substituted simultaneously with another deed of trust.[8] U.S. Bank also relies on *Riggs v. Kellner*.[9] In *Riggs* the plaintiffs, as holders of the first deed of trust, had accepted a quit claim deed from the purchasers, who had executed two other notes and deeds of trust secured by the real estate. When the plaintiffs attempted to foreclose their deed of trust the trial court found that their deed of trust merged with the quit claim deed extinguishing their lien and preventing foreclosure.[10] The Court of Appeals reversed,

---

[7] *Id.* at 374.

[8] *See, e.g., Greenfield v. Petty*, 346 Mo. 1186, 1193, 145 S.W.2d 367, 370 (1940) (where the county renewed all mortgages that were over 15 years old by releasing the old mortgage on the margin of the record and immediately filing a new mortgage for the identical amount, secured by the same land, and executed by the same parties).

[9] 716 S.W.2d 3 (Mo. Ct. App. 1986).

[10] *Id.* at 4.

6

holding that there was no evidence that plaintiffs intended to effectuate merger, and that their intention was controlling.[11] Each of these cases deals with the simultaneous release of one deed of trust and the filing of another deed of trust to secure the same party's interest. The issue in each of these cases is whether the holder of the first deed of trust is then subordinated to a junior lienholder. Significantly, none of these cases deals with the status of a bankruptcy trustee as a bona fide purchaser.

U.S. Bank argues that the Affidavit served to give notice to those extending credit to the Barkers of U.S. Bank's intentions. Therefore, U.S. Bank argues, the trustee should be presumed to have had knowledge of U.S. Bank's attempt to reinstate its Deed of Trust. In the bankruptcy context, however, the personal knowledge of the trustee is not relevant.[12] Section 544 specifically provides that the trustee shall avoid an interest avoidable by a bona fide purchaser, "without regard to any knowledge of the trustee."[13] Thus, the Affidavit could not serve to impart constructive or actual knowledge to the trustee unless it serves to perfect U.S. Bank's interest. U.S. Bank relies on the fact that Ms. Rogers was authorized to file the Affidavit pursuant to the Limited Power of Attorney.

---

[11]*Id.* at 5.

[12]*Mixon v. Anderson (In re Ozark Restaurant Equipment Co.)*, 816 F.2d 1222, 1229 (8th Cir. 1987) (holding that the rights afforded the trustee by section 544 exist without regard to any knowledge of the trustee). *See also First Nat'l Bank of Poplar Bluff v. R & J Const. Co., Inc. (In re R & J Const. Co., Inc.)*, 43 B.R. 29, 31-32 (Bankr. E.D. Mo. 1984).

[13]*Id.* at 1335 (citing 11 U.S.C. § 544(a).

I note that U.S. Bank executed the Limited Power of Attorney one day after Ms. Rogers executed the Affidavit. I need not reach the issue of the effect of the Limited Power of Attorney, however, because I find an affidavit does not serve to revoke the release of a Deed of Trust. As the trustee states in his brief, under Missouri law, the proper remedy for the erroneous release of a Deed of Trust would have been to file a suit in equity to cancel the Deed of Release and to reinstate the Deed of Trust.[14] Moreover, a mortgage is not valid unless signed by the mortgagors.[15] An affidavit seeking to reinstate the release of a Deed of Trust that secures a mortgage would, likewise, have to be signed by the mortgagors as well. I, therefore, find that the Affidavit did not reinstate the Deed of Trust, and that U.S. Bank had an unperfected lien at the time of the bankruptcy filing. Since the trustee's interest is, thus, superior to that of U.S. Bank, U.S. Bank's interest is avoided.

Alternatively, were I to find that the Affidavit reinstated the Deed of Trust, the reinstatement would be a preferential transfer absent proof that the Barkers were solvent at the time. The Code authorizes the trustee to avoid any transfer made within 90 days of the bankruptcy filing on account of an antecedent debt that permits the transferee to obtain more than it would obtain in a Chapter 7 liquidation:

> (b)    Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1)    to or for the benefit of a creditor;

---

[14] *Rehm v. Alber*, 272 Mo. 452, 199 S.W. 170, 173 (Mo. 1917).

[15] 59 C.J.S. Mortgages § 105 (2004).

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
>> (A) on or within 90 days before the date of the filing of the petition;
>>
>> . . .
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.[16]

Moreover, there is a presumption that debtors are insolvent within 90 days of filing for bankruptcy relief:

> (f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.[17]

Because of the presumption of insolvency, the burden of proof is on the defendant to rebut the presumption.[18] According to their bankruptcy schedules, the Barkers held assets valued

---

[16] 11 U.S.C. § 547(b).

[17] 11 U.S.C. § 547(f).

[18] *Jones Truck Lines, Inc. v. Full Service Leasing Corp. (In re Jones Truck Lines, Inc.)*, 83 F.3d 253, 258 (8th Cir. 1996).

at $47,925.00 and liabilities valued at $74,274.38 on November 12, 2002, the date they filed for bankruptcy relief. They claim the fair market value of the Real Estate is $45,000. They scheduled U. S. Bank's claim for $48,725.94. Other general unsecured creditors are scheduled with claims totaling $23,428.96. U.S. Bank released the Deed of Trust on June 3, 2002, and recorded that release on June 20, 2002. Thus, on August 12, 2002, which is the 90th day before the bankruptcy filing, U.S. Bank did not have a recorded Deed of Trust perfecting its interest in the Real Estate. On that date, it was an unsecured creditor with a claim approximating $48,000.00. The Affidavit was recorded on August 20, 2002, well within the 90 days. I, therefore, find that, absent evidence to rebut the presumption of insolvency, the filing of the Affidavit was an attempt to convert U.S. Bank's unsecured interest to a secured interest. Since U.S. Bank would, therefore, receive more than the other unsecured creditors, the filing of the Affidavit is a preferential transfer, subject to the avoidance power of the trustee.

In summary, U.S. Bank held an unsecured interest on August 12, 2002. It could not reinstate the erroneously released Deed of Trust by filing the Affidavit. Even if it could reinstate the Deed of Trust by filing the Affidavit, the Affidavit would have to be signed by the Barkers. And, even if it could reinstate the Deed of Trust by filing a signed Affidavit, such filing would be a preferential transfer. The trustee, therefore, holds an interest superior to that of U.S. Bank, and U.S. Bank's interest is avoided. U.S. Bank will be allowed a general unsecured claim.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
    Bankruptcy Judge


Date: March 22, 2005